IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JENNIFER V. TILLISCH                                                                         PLAINTIFF

v.                                          CIVIL NO. 13-3054

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                               DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Jennifer Virginia Tillisch, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on January 28, 2011, alleging an inability to work due to arthritis of the knees; a stretched optical nerve; anxiety; depression; a personality disorder; a dysthymic disorder; flexed ribs; bilateral carpal tunnel syndrome; and two herniated discs. (Tr. 116, 167). An administrative hearing was held on November 30, 2011, at which Plaintiff after being informed of her right to representation, testified without the assistance of a representative. (Tr. 27-67, 114).

By written decision dated December 13, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.14). Specifically, the ALJ found Plaintiff had the following severe impairments: borderline personality disorder with cluster B traits. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to work involving simple, routine, and repetitive tasks; simple, work-related decisions, with few, if any, work place changes; and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeper, an assembler, and a machine tender. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 26, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.    Discussion:**

Plaintiff argues the following issue on appeal: 1) the ALJ erred in failing to find Plaintiff had severe physical impairments; 2) the ALJ erred in failing to develop the record by sending Plaintiff to a consultative physical examination; and 3) the ALJ's decision was not supported by substantial evidence.

**A.    Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ erred in determining that Plaintiff had no severe physical impairments for the time period in question. A review of the relevant medical evidence revealed

-4-

that Plaintiff sought treatment for bilateral knee pain on January 24, 2011. (Tr. 290). Plaintiff was noted to ambulate freely at that time, and Plaintiff had reported she had walked to the hospital from her home. Plaintiff was diagnosed with a right knee sprain and it was recommended that she remain non-weight bearing until she saw an orthopedist. The record revealed that Plaintiff did not seek treatment for her knee pain again during the relevant time period. Plaintiff was also noted to show no signs of physical pain during her evaluation with Dr. W. Charles Nichols in March of 2011. (Tr. 310).

On April 1, 2011, Plaintiff sought treatment for right hand pain. (Tr. 314). At that time, Plaintiff denied experiencing numbness or weakness. X-rays of Plaintiff's right hand and wrist revealed no acute fracture. (Tr. 324). The record failed to reveal that Plaintiff sought treatment for any type of hand pain again during the relevant time period.

On April 19, 2011, Plaintiff sought treatment for neck pain and a headache. (Tr. 326). At that time, Plaintiff was noted to have full range of motion of her neck. Plaintiff was also noted to have a normal back inspection and normal range of motion in her extremities. Plaintiff was diagnosed with a myofascial sprain. Plaintiff did not seek treatment for neck pain or a headache again during the relevant time period.

In determining that Plaintiff did not have a severe physical impairment, the ALJ also relied upon the opinions of Drs. Bill F. Payne and Lucy Sauer, both non-examining medical consultants, who, after reviewing the record opined that Plaintiff did not suffer from a severe physical impairment. After reviewing the entire record, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a severe physical impairment during the relevant time period.

AO72A
(Rev. 8/82)

**B.     Fully and Fairly Develop the Record:**

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**C.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff completed a Function Report on February 18, 2011, wherein she indicated

that she was able to take care of her personal needs unless she was experiencing pain; to help with laundry; to help feed, walk and bathe her dog; and to spend time reading, writing, painting, watching movies, sewing, knitting, crocheting, doing word searches, and doing crossword puzzles. (Tr. 151-158). Plaintiff reported she was able to visit with people, go visit others if she had a ride, talk on the telephone and to text. Plaintiff indicated that she was able to lift twenty-five pounds, and walk one-half of a mile before she needed to rest. In March of 2011, Plaintiff reported to Dr. Nichols that she paid for items by "doing odd jobs here and there," watching her friend's child, or cleaning her friend's house. (Tr. 309).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record further revealed that Plaintiff was able to come up with the funds to support her smoking habit during the relevant time period.

With regard to the testimony of Plaintiff's significant other and friends, as well as letters from friends, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court

AO72A
(Rev. 8/82)

concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

  **D.**  **The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform a full range of work at all exertional levels with nonexertional limitations. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform this work is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining

AO72A
(Rev. 8/82)

physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**E.**     **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing light, unskilled work as a housekeeper, an assembler, and a machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 23rd day of June, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE